UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN J. TREGONING and <br> KATHLEEN WELDON TREGONING <br><br> Plaintiffs, <br><br> v. <br><br> ROWAN'S LANDSCAPE COMPANY, INC. <br><br> Defendant. | Case No.:1:14-cv-01560-CMH-JFA |

**AMENDMENT TO COMPLAINT**

Plaintiffs amend their complaint as of course, pursuant to the provisions of Rule 15 (a) of the Federal Rules of Civil Procedure as follows:

**AMENDED COMPLAINT**
Breach of Contract
Breach of Expressed Warranty
Breach of Implied Warranty
Breach of Covenant of Good Faith and Fair Dealing

**COMES NOW** Plaintiffs, John J. Tregoning and Kathleen Weldon Tregoning (hereinafter referred to as "Plaintiffs") and hereby moves this Honorable Court for judgment against Defendant, Rowan Landscape & Pool, Inc. (hereinafter referred to as "Defendant"), as prayed for below.

**1.** On or about October 22, 2013, Defendant entered two contracts with Plaintiffs for design, consulting and construction services regarding construction of a pool and landscaping at their residence, providing material and labor for these improvements to the grounds of their residence (hereinafter referred to as "Contracts"). The Contracts are marked as Plaintiffs' Exhibits A & B, attached to this complaint and incorporated by reference.

1

**2.** Said Contracts had the mutual assent of the Defendant and Plaintiffs.

**3.** The consideration set forth in the Contracts was fair and reasonable. In fact Plaintiffs paid Defendant $256,368 which was $11,038 more than the total contract price and more than contractual obligated to pay for its satisfactory completion.

## COUNT I
## BREACH OF CONTRACT

Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 3 of the Amended Complaint as it is fully set forth at length herein.

**4.** Defendant drew up the specifications for the project intended to fulfill a specific purpose and had a contractual duty to provide Plaintiff with appropriate design and materials and construction work done in a good and workmanlike manner according to standard practices. Defendant warranted that the design and materials were suitable, free of defect, and the construction work done in a workmanlike manner according to standard practices and skill in the trade which did not deviate from norms established in the trade at the time and place the contract was formed. Defendant was under a contractual duty to perform the work and provide materials consistent with accepted standards and expressly and impliedly warranted the same.

**5.** Due to defective and/or faulty materials and defective or faulty workmanship and/or work substantially not in conformity with plans and specifications, Defendant breached its contractual duty to provide Plaintiff with work in a good and workmanlike manner according to standard practices. Defendant breached their expressed and/or implied guarantee that the landscaping and pool was suitable and that the work would be done in a workmanlike manner. Defendant breached its obligation in the contract to provide construction services free from defects in material and performed workmanlike manner according to standard practices. Defendant failed to render the services and supply the appropriate materials necessary to

complete the Contracts in accordance with the terms and conditions of the contracts specifications drawn up by Defendant and failed to adhere to accepted standards.

The Defendants' failures include, but not limited to, the following:

a) improper installation of drainage on the patio, resulting in flooding to patio and home;

b) installation of stone steps and wall caps using materials that immediately became discolored and required replacement;

c) use of improper plants for the amount of sun/shade in the area and use of low-quality plants that were not viable;

d) improper installation of stainless steel doors on an outdoor grill;

e) failure to install water return fittings for pool;

f) improper placement of water return line for pool;

g) installation of flagstones around the pool of irregular color and size; and

h) damage to property left unrepaired, including but not limited to the following:

  i) exposure of cinder block foundation of house during excavation for upper patio;

  ii) damage to carpet and trim caused by flooding of basement due to improper drainage installation;

  iii) creation of two holes in basement ceiling for the installation of pool cover control box;

  iv) creation of a large hole in basement wall from installation of electrical switching panel;

  v) flooding of pool with dirt and mulch due to improper drainage installation,

    requiring removal and replacement of damaged pool filters;

 vi)  damage to plants and property resulting from the clay and dirt from pool excavation being left in a pile onsite untouched for six months, damaging root beds of plants and trees;

 vii)  removal of dirt and clay from pool installation after it was improperly spread around property instead of being removed; and

 viii)  damage to access road used by Defendant to access property and failure to properly restore access road to its original condition.

**6.** Defendant breached its obligation under the contracts to perform no other work than specified in the contract without prior written authorization of the plaintiffs on a written change orders. Defendant breached the Contracts when it levied charges for work not contemplated by the Contracts without sufficient documentation as to the basis for the amount of the addition. Contracts also included numerous "estimated" charges that were not reconciled at the end of the project except in those cases in which, according to the Defendant, the final amount exceeded the estimates, without justification or documentation.

**7.** Plaintiffs fully performed all terms conditions covenants and promises required of them pursuant to the terms of the contracts until defendant breached the terms of their contract by failing to meet its requirements under the contract to provide the workmanlike services using accepted standards and failing to perform work, and failing to repair and replace defective work and materials.

**8.** Defendant had actual and/or constructive notice of said defects and was provided notice by the plaintiffs of the defects. Plaintiffs made requests to repair or replace the defective

construction and materials. Plaintiffs provided notice to Defendant of its breaches of its warranties by communicating that the work was defective and seeking to resolve this matter.

9. Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable correction of the defects claimed, made no attempt to schedule time to perform repairs or cure defects and refused and/or failed to remedy.

10. The contract has no provision excluding consequential damages or remedy in breach of contract where a term of the contract fails its essential purpose. No such language exists in these contracts. Defendant provided substandard construction services, using defective material and/or ignoring Plaintiffs requests to repair and replacement thereby depriving Plaintiffs an adequate remedy. Damage limitations and repair and replacement warranties in the pool contract and landscaping contract failed their essential purposes. Plaintiffs are entitled to a fair quantum of remedy for breach of obligations or duties outlined in the contracts. Limiting the remedial provisions whereby the plaintiff would receive no remedy unless defendant is paid in full for substandard/defective work or uncorrected defects is unconscionable and should be excluded in these circumstances.

11. On August 12, 2014, Plaintiffs communicated to Defendant that they were withholding payment of $27,962 as they had at that point paid for services that had not been rendered or not or rendered in a workmanlike manner and according to standard practices under those circumstances and not remedied by repair or replacement. Plaintiffs demanded Defendant compensate them for damages not covered by the payments withheld which Defendant has refused to do.

12. By reason of Defendant's breaches, Plaintiffs have had to incur damages for further costs contracting with other parties to complete the work in a good a workmanlike

manner and according to standard practices. Plaintiffs' suffered damages in the amount of $89,760.00 and has been forced to secure the services of an attorney and incur attorney fees and court costs to prosecute this lawsuit in order to recover the $61,798 in damages not covered by payments withheld.

## COUNT II
## BREACH OF EXPRESS WARRANTY

Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 12 of the Amended Complaint as it is fully set forth at length herein.

**13.** Plaintiffs gave defendants actual notice of defects in material and construction and requested they be cured. Defendant, on its own had actual and/or constructive notice of said defects. Defendant breached its express warranty to provide defect free materials and workmanlike construction and adherence to accepted standards and breached its express warranty to cure any defects by failing or refusing to repair and replace or correct those defects in material or substandard work it expressly guaranteed to repair and replace.

## COUNT III
## BREACH OF IMPLIED WARRANTY

Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 13 of the Amended Complaint as it is fully set forth at length herein.

**14.** Plaintiffs gave defendants actual notice of defects in material and construction and requested they be cured. Defendant, on its own had actual and/or constructive notice of said defects. Defendant breached its implied warranty to provide defect free materials and workmanlike construction and adherence to accepted standards and Defendant breached its implied warranty to cure any defects by failing or refusing to repair and replace or correct those defects in material or substandard work it impliedly guaranteed to repair and replace.

## COUNT IV
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 14 of the Amended Complaint as it is fully set forth at length herein.

**15.** Virginia law implies a covenant of good faith and fair dealing in all contracts between parties entered into the state of Virginia. This contract was entered in Virginia.

**16.** Defendant breached the covenant of good faith and fair dealing by failing or refusing to provide services and materials commensurate with the terms of the contract. Defendant failed to perform construction in a workmanlike manner and with materials free of defects and using accepted standards. Defendant then failed and/or refused to repair and replace when Defendant had actual and constructive notice of said defects and/or when provided notice by the plaintiffs of the same.

**17.** As a result of the above described actions of the defendant, defendant has violated the implied covenant of good faith and fair dealing contained in the contract that is the subject of this action.

## COUNT V
## MISREPRESENTATION OF MATERIAL FACTS

Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 17 of the Amended Complaint as it is fully set forth at length herein.

**18.** Defendant misrepresented material facts. Defendant assured Plaintiffs that its work would meet accepted standards, be performed in a workmanlike manner, using materials free of defect and any defect in the work or material would be promptly corrected. Defendant misrepresented the remedy when substandard construction occurred and/or defective materials were utilized, assuring Plaintiffs it would repair and replace any defective work or material

which in fact it has failed to do. This was a material fact constituted an inducement to the contract.

## COUNT VI
## UNJST ENRICHMENT, QUANTUM MERUIT , AND QUASI-CONTRACT

Plaintiffs repeat and re-allege each allegation and each count in paragraphs 1 through 18 of the Amended Complaint.

**19.** Defendant's failing to cure the defects with either repair or replacement left Plaintiffs without an adequate remedy or a fair quantum of remedy. Free of defect services and materials they were not provided which defeated the purpose of their bargain and deprived Plaintiffs the substantial value of their bargain and unjustly enriched the Defendant when it was paid for services "free of defects in material and workmanship" that were not provided.

## PRAYER FOR RELIEF

Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 19, Counts I through V of the Amended Complaint and pray for judgment against Defendant on each counts in the amount of $61,798.00 plus interest and costs, and such other further relief that the court may deem just and proper.

                        Respectfully submitted,

                        **JOHN J. TREGONING and**
                        **KATHLEEN WELDON TREGONING**
                        By Counsel

/s/Leonard P. Buscemi
Leonard P. Buscemi, VSB#: 30869
5531 Lee Highway, Suite 204
Arlington, Virginia 22207
Tel: (703) 528-8477
Fax: (703) 528-8474
Email: buscemilaw@aol.com

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Amended Complaint was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Virginia on this 12th day of December, 2014, and served on Defendant's counsel mentioned below through the Court's CM/ECF system.

Michael C. Whitticar, Esq.
VSB# 32968
NOVA IP Law, PLLC
7001 Heritage Village Plaza, Suite 205
Gainesville, Virginia 20155,
(571) 386-2980 (phone)
(855) 295-0740 (facsimile)
*mikew@novaiplaw.com* (e-mail)

                                    /s/Leonard P. Buscemi